IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LLOYD AMESBURY,<br>on behalf of plaintiff and the class members<br>defined herein,<br><br>           Plaintiffs,<br><br>vs.<br><br>BAKER, BRAVERMAN & BARBADORO, P.C.,<br><br>           Defendant. | Case No. 1:16-CV-00598-M-PAS |

## SECOND AMENDED COMPLAINT -- CLASS ACTION

### INTRODUCTION

1. Plaintiff Lloyd Amesbury brings this action to secure redress against improper collection practices by defendant in connection with a residential mortgage loan.

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. and 1692k (FDCPA).

9. Venue in this District is proper because plaintiff was impacted by defendant's actions here.

## PARTIES

10. Plaintiff Lloyd Amesbury is a resident of Woonsocket, RI.

11. Defendant Baker, Braverman & Barbadoro, P.C. ("BB&B") is a law firm organized as a professional corporation with offices at 300 Crown Colony Drive, Suite 500, Quincy, MA 02169.

12. Defendant BB&B regularly uses the mails and telephone system to collect consumer debts.

13. Defendant BB&B advertises its services to assist clients with foreclosures.

14. Defendant BB&B regularly assists clients, including Middlesex Bank, in collecting debts in foreclosure and thus is a debt collector as defined in the FDCPA.

## FACTS

15. On or about January 8, 2016, defendant BB&B, on behalf of Middlesex Savings Bank, sent plaintiff the letter attached as Exhibit A.

16. Exhibit A seeks to collect a loan secured by plaintiff's residence in Woonsocket. The loan was used for personal, family and household purposes, and not for business purposes.

17. Exhibit A was the first letter plaintiff received from BB&B relating to this loan.

18. On information and belief, Exhibit A was the first letter BB&B sent plaintiff relating to this loan.

19. On information and belief, Exhibit A is a form letter used by BB&B as the initial letter it sends to a mortgagor.

20. Exhibit A seeks to induce the mortgagor to pay his debt and is not intended solely to initiate judicial foreclosure as evidenced by the first lines of the letter which reference recipients "failure to make monthly Note payments."

21. Exhibit A claimed that as of January 8, 2016, plaintiff owed $8,274.37 in back payments, interest and late charges and encouraged plaintiff to "cure the default" by contacting BB&B's client, Middlesex.

22. Exhibit A states "you are liable to the Lender…"

23. Exhibit A indicated that plaintiff was required to make a payment within 30 days.

24. Exhibit A advised the plaintiff that if he failed to "make said payment" within thirty days, there would be adverse consequences.

25. Exhibit A is a form letter, prepared in standardized manner.

26. On April 19, 2016, BB&B's client Middlesex sent plaintiff the monthly statement attached as Exhibit B, claiming he was $14,801.85 behind.

27.   This sum included $38.34 in "fees and charges."

28.   Exhibit B is a form document, prepared in a standardized manner.

29.   On May 16, 2016, plaintiff filed a Chapter 13 petition.

30.   On August 2, 2016, BB&B, on behalf of Middlesex, filed a proof of claim (Exhibit C).

31.   The proof of claim stated that the amount necessary to cure any default as of the date of the bankruptcy petition – May 16, 2016 – was $24,762.62.

32.   Plaintiff's monthly mortgage payment during this period, including escrow items, was $1,593.53.  (Exhibit B)

33.   Under no circumstances could Exhibits A-C all be accurate.

34.   Upon receiving the proof of claim, plaintiff's counsel inquired as to any fees included.  BB&B provided statements for fees during the first half of 2016.  (Exhibit D) These total about $4,764.78.

35.   The fourth page of the proof of claim, Exhibit C, lists prepetition fees totaling $7,231.31.

36.   BB&B also provided statements for fees dating back to 2011-2015.  (Exhibit E) These had not been included in Exhibit A or Exhibit B.

37.   On information and belief, it is the practice of BB&B to send collection letters which omit fees and expenses which have been charged to the account.

38.   This deprives the consumer of material information necessary to decide upon the appropriate course of action, such as whether to reinstate or file Chapter 13.  In addition, the presentation of charges which are years old prevents the consumer from challenging them.

39.   Under the loan documents, which are part of Exhibit C, such amounts "shall

become additional debt of Borrower secured by this Security Instrument" and shall bear interest at the note rate.  (Mortgage, paragraph 9)

## COUNT I – FDCPA

40. Plaintiffs incorporate paragraphs 1-36.

41. Exhibit A misstates the amount of the debt, in violation of 15 U.S.C. §§1692g and 1692e.

42. Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

43. Section 1692e provides:

> **§ 1692e. False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(2) The false representation of--**
>
> > **(A) the character, amount, or legal status of any debt;**
> >
> > **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

44. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

45. The class consists of (a) all natural persons (b) to whom BB&B sent an initial demand letter (c) which stated an amount of the debt (d) which did not include all fees and expenses claimed by the creditor (e) which letter was sent on or after a date one year prior to the filing of this action.

46. On information and belief, based on the use of a form letter, the class is so numerous that joinder of all members is not practicable.

47. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant's letters omit charges which have been added to the account, and whether such practice violates the FDCPA.

48. Plaintiff's claim is typical of the claims of the class members. All are based on

the same factual and legal theories.

49.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

50.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible.

    b.     Members of the class are likely to be unaware of their rights.

    c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

  i. Statutory damages;

 ii. Attorney's fees, litigation expenses and costs of suit;

iii. Such other and further relief as the Court deems proper.

/s/Christopher M. Lefebvre  
Christopher M. Lefebvre  
CLAUDE F. LEFEBVRE AND  
CHRISTOPHER M. LEFEBVRE, P.C.  
P.O. Box 479  
Pawtucket, RI 02862  
(401) 728-6060  
(401) 728-6534 (FAX)  
R.I. Bar No. 4019  

admission pro hac vice to be sought:

7

Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

8