UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LLOYD AMESBURY,
on behalf of plaintiff and the class
members defined herein,
    Plaintiff,

v.                                                  C.A. No. 16-cv-598-M-PAS

BAKER, BRAVERMAN &
BARBADORO, P.C.,
    Defendant.

## ORDER

On January 8, 2016, the law firm of Baker, Braverman & Barbadoro, P.C. ("Baker") sent Lloyd Amesbury a letter indicating that he was in default on his mortgage and that he owed $8,274.37 in back payment, interest, and late charges. He received two additional cure amounts, one in April for $14,801.45 and one in May as part of a proof of claim in bankruptcy for $24,762.62.[1] It is this discrepancy between the amount in the January letter and the amount four months later, which was three times the original amount, that forms the basis for Mr. Amesbury's Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") claim. He filed the instant suit and a motion to certify a class, which the Court denied without prejudice as moot until Baker was served and answered.

---

[1] Middlesex Bank, the lender, filed the proof of claim on August 2, 2016, but the $24,762.62 was the amount necessary to cure any default as of the date of Mr. Amesbury's bankruptcy petition, which was on May 16, 2016.

1

Before the Court is Baker's motion to dismiss for failure to state a claim. The basis for Baker's motion is that Mr. Amesbury has not plausibly alleged that it is a debt collector as defined in the federal FDCPA. Additionally, Baker argues that Mr. Amesbury's complaint fails to state a claim that its conduct violated the FDCPA, even it is could be considered a debt collector.

Mr. Amesbury opposed the motion, not by filing a brief substantively opposing Baker's arguments, but by seeking leave to file a second amended complaint. This complaint purports to include additional factual allegations on Baker's role as a debt collector and highlighting portions of Baker's letter to Mr. Amesbury that demonstrates that it was a collection communication. The Court granted Mr. Amesbury's motion for leave to file the second amended complaint, *see* TEXT ORDER, May 4, 2017, and now considers Baker's motion to dismiss this latest complaint ("Second Amended Complaint").

The function of a motion to dismiss is to test the sufficiency of the complaint. *Godin v. Schencks*, 629 F.3d 79, 89 (1st Cir. 2010). This Court "'must assume the truth of all well-plead facts and give the plaintiff[s] the benefit of all reasonable inferences therefrom.'" *Genzyme Corp. v. Federal Ins. Co.*, 622 F.3d 62, 68 (1st Cir. 2010) (quoting *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007)). The complaint will survive if it establishes "'a plausible entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). This Court should not grant the motion to dismiss if it "'contain[s] sufficient factual matter to state a claim to relief that is plausible on its face.'" *Rodriguez-Reyes v. Molina-Rodriguez*,

711 F.3d 49, (1st Cir. Mar. 22, 2013) (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)).

The two questions raised by Baker's motion are: has Mr. Amesbury properly alleged that it is a "debt collector" as defined by the FDCPA and is the January 8, 2016 letter a collection communication or an enforcement of a security interest? Baker argues that it is not a debt collector in accordance with this definition because its January 2016 correspondence was a communication regarding foreclosure on behalf of its client Middlesex Bank, not an attempt to collect a debt.

A "debt collector" is

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C.A. § 1692a(6) (emphasis added). Other courts have found that letters seeking payment on a promisory note are attempts to collect a debt. *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461-62 (6th Cir. 2013); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216-17 (11th Cir. 2012); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376-77 (4th Cir. 2006). These decisions are very fact specific, but the rationale behind each court's holding appears to be sound.

The Court finds that Mr. Amesbury's Second Amended Complaint contains enough factual content to allow a reasonable inference that Baker is a "debt collector." The complaint alleges that Baker "regularly uses the mails and telephone system to collect consumer debts," "advertises its services to assist clients with foreclosures," and that the law firm "regularly assists clients, including Middlesex Bank, in

3

collecting debts in foreclosure and this is a debt collector as defined in the FDCPA." ECF No. 11-1 at ¶¶ 12, 13, 14. Mr. Amesbury alleges that the letter sought "to collect a loan secured by plaintiff's residence in Woonsocket. The loan was used for personal, family and household purposes, and not for business purposes." *Id.* at ¶ 16. The complaint also alleges in multiple paragraphs that the letter is a form letter, a standardized initial letter that Baker sends to mortgagors. *Id.* at ¶¶ 19, 25. Taking all reasonable inferences in Mr. Amesbury's favor as the Court must at this stage, the standardized nature and text of the letter implies that Baker regularly engages in sending similar letters to collect mortgage debts.[2] As such, Mr. Amesbury's Second Amended Complaint has adequately pled that Baker is a debt collector.

Baker argues that this Court should follow the *Pimental v. Wells Fargo Bank, N.A.*, C.A. No. 14-494S, 2015 WL 5243325 (D.R.I. Sept. 4, 2015), *report and recommendation adopted*, 2016 WL 70016 (D.R.I. Jan. 6, 2016) decision, where the court dismissed plaintiffs' claims against a law firm under the FDCPA because the complaint allegations failed to plausibly allege that the firm was a "debt collector" under the statute. The facts of that case are different though because the court noted that the complaint did not allege that the firm's correspondence was attempting to collect a debt or that the firm was engaged in debt collection. *Pimental*, 2015 WL

---

[2] Moreover, the January 8, 2016 letter from a Baker attorney states in the first sentence of its closing paragraph "I am a debt collector." ECF No. 11-2. At the bottom of the letter in bold states "THIS IS AN ATTEMPT TO COLLECT A DEBT." *Id.* And while many courts have acknowledged that parties should not be pigeon-holed as debt collectors for including this language, as the FDCPA requires its inclusion under certain circumstances, these words do have meaning and can be considered as facts among the others alleged in the Second Amended Complaint.

4

5243325, at *2. In fact, in the law firm's answer,[3] it made contradictory factual allegations – such as that it had been hired to foreclose on the mortgage – that undisputedly overcame some of the allegations in the plaintiffs' complaint. *Id.* Additionally, the letter in that case stated that the plaintiffs were not personally liable for the debt – a fact that contradicted the *Pimental* plaintiffs' allegation that the law firm asserted that they still owed the debt. *Id.* at *10. Because the posture of this case was different and the facts on which the court based its plausibility finding are not present here or alleged in his Second Amended Complaint, the Court declines to follow the very fact-based reasoning in the *Pimental* case.

On the issue of whether the January 8, 2016 letter is a debt collection correspondence or an attempt to enforce a security interest, the Court finds that Mr. Amesbury has adequately alleged that the letter was an attempt to collect a debt. Baker argues in its memorandum that it was an enforcer of a security interest as though it was a foregone conclusion, framing additional arguments for dismissal on that fact alone. However, Mr. Amesbury does not allege in his Second Amended Complaint, which is the operative document at this stage that Baker is in the business of enforcing security interests or initiating foreclosures. The Court finds, therefore, that the nature of Baker's conduct vis-à-vis Mr. Amesbury's outstanding mortgage loan is a factual issue at this very early stage of litigation and should be resolved after discovery and, if there is no dispute that Baker was in fact attempting

---

[3] The defendants filed a motion for judgment on the pleadings in *Pimental* because they had already answered the case.

to enforce a security interest, a motion for summary judgment could be appropriate. *Cicalo v. Hunt Leibert Jacobson, P.C.*, No. 3:16-CV-339 (SRU), 2017 WL 101302, at *4 (D. Conn. Jan. 10, 2017) (citing *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 339, 362-63 (D. Conn. 2012); *Wilson*, 443 F.3d at 379; *Pimental*, 2015 WL 5243325, at *9).

Finally, Baker advocates that Mr. Amesbury's Second Amended Complaint should be dismissed on substantive grounds because the January 8, 2016 letter was accurate and did not misrepresent the amount he owed. It argues that the $8,274.37 originally cited did not exclude the reality that other fees and expenses were also outstanding and would need to be collected. The reality is that the $8,274.37 in January grew to $24,763.62 in just four months – that is a three-fold increase. While discovery may account for such an astronomical increase in the amount to cure default, "the sheer amount of the increase makes it plausible that one or more of those amounts is not accurate. If one or both of the amounts is incorrect, the defendants would likely have violated section 1692e's prohibition on false statements in connection with an attempt to collect on a debt." *Cicalo*, 2017 WL 101302, at * 7. Mr. Amesbury is entitled to discovery to find out whether any of the three amounts are incorrect or misleading in accordance with the FDCPA.

Baker's Motion to Dismiss (ECF No. 10) is DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

May 10, 2017