UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LLOYD AMESBURY, on behalf of plaintiff and the lass members defined herein,<br><br>Plaintiff<br><br>v.<br><br>BAKER, BRAVERMAN & BARBADORO, P.C.,<br><br>Defendant | No. 1:16-cv-00598-M-PAS |

**ANSWER TO SECOND AMENDED COMPLAINT**

Now comes defendant Baker, Braverman & Barbadoro, P.C. ("the defendant"), and responds to the serially numbered paragraphs of the Plaintiff's Second Amended Complaint – Class Action as follows:

1. Paragraph 1 sets forth a description of the plaintiff's claims, to which no response is required. To the extent paragraph 1 alleges any wrongdoing or liability against the defendant, it is denied.

2. Paragraph 2 sets forth a description of the plaintiff's claims, to which no response is required. To the extent paragraph 2 may be construed to allege any wrongdoing or liability against the defendant, it is denied.

3. Paragraph 3 sets forth conclusions of law, to which no response is required. To the extent paragraph 3 may be construed to allege any wrongdoing or liability against the defendant, it is denied.

4. Paragraph 4 purports to set forth the portions of the cited statute and does not set forth allegations of fact, wherefore no response is required. To the extent paragraph 4 may be construed to allege any wrongdoing or liability against the defendant, it is denied.

5. Paragraph 5 sets forth conclusions of law, to which no response is required. To the extent paragraph 5 may be construed to allege any wrongdoing or liability against the defendant, it is denied.

6. Paragraph 6 sets forth conclusions of law, to which no response is required. To the extent paragraph 6 may be construed to allege any wrongdoing or liability against the defendant, it is denied.

7. The defendant denies the allegations set forth in paragraph 7.

## JURISDICTION AND VENUE

8. Paragraph 8 sets forth conclusions of law, to which no response is required. The defendant does not contest the subject matter jurisdiction of this court.

9. Paragraph 9 sets forth conclusions of law, to which no response is required. The defendant does not contest venue.

## PARTIES

10. The defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 10.

11. The defendant admits the allegations set forth in paragraph 11.

12. The defendant denies the allegations set forth in paragraph 12.

13. The defendant admits the allegations set forth in paragraph 13.

14. The defendant denies the allegations set forth in paragraph 14.

## **FACTS**

15. The defendant admits the allegations set forth in paragraph 15.

16. The defendant denies that Exhibit A seeks to collect a loan. The defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 16.

17. The defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 17.

18. The defendant admits that the letter attached to the Second Amended Complaint as Exhibit A was the first correspondence that it sent to the plaintiff on behalf of Middlesex Savings Bank. Otherwise denied as alleged.

19. The defendant denies the allegations set forth in paragraph 19.

20. The defendant denies the allegations set forth in paragraph 20.

21. The defendant admits that the letter attached as Exhibit A indicates that the plaintiff owed "$8,274.37 in back payments, interest and late charges," and that the plaintiff could contact Middlesex Savings Bank if he wished to cure the default. The defendant denies the remaining allegations set forth in paragraph 21.

22. Exhibit A, being a document, speaks for itself, wherefore no response is required. The defendant admits the letter contains the quoted phrase.

23. The defendant denies the allegations set forth in paragraph 23.

24. The defendant denies the allegations set forth in paragraph 24.

25. The defendant denies the allegations set forth in paragraph 25.

26. The defendant denies that the statement dated April 19, 2016 attached as Exhibit B to the Second Amended Complaint states that the plaintiff was $14,801.85 "behind." The

defendant lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 26.

27. The defendant admits that Exhibit B indicates that payments made over fifteen months past the due date, a late fee of $38.34 would be added, but denies that the $38.34 late was included in the "TOTAL AMOUNT DUE" of $14,801.85.

28. The defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 28.

29. The defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 29.

30. The defendant admits the allegations set forth in paragraph 30.

31. The defendant admits the allegations set forth in paragraph 31.

32. The defendant admits that Exhibit B indicates that the plaintiff's monthly mortgage payment was $1,593.53.

33. The defendant denies the allegations set forth in paragraph 33.

34. The defendant admits that the plaintiff's counsel inquired about fees shat were included in the proof of claim filed on behalf of Middlesex Savings Bank and that the defendant provided statements for fees from the first half of 2016. The defendant denies the remaining allegations set forth in paragraph 34.

35. Exhibit A, being a document, speaks for itself, wherefore no response is required. The defendant admits the allegations set forth in paragraph 35.

36. The defendant admits the allegation set forth in paragraph 36.

37. The defendant denies the allegations set forth in paragraph 37.

38. The defendant denies the allegations set forth in paragraph 38.

39. The defendant admits the allegations set forth in paragraph 39.

## COUNT I – FDCPA

40. The defendant incorporates its responses to paragraphs 1 through 39 as if set forth fully herein.

41. The defendant denies the allegations set forth in paragraph 41.

42. Paragraph 42 sets forth conclusions of law, to which no response is required. To the extent paragraph 42 may be construed to allege any wrongdoing or liability against the defendant, it is denied.

43. Paragraph 43 sets forth conclusions of law, to which no response is required. To the extent paragraph 43 may be construed to allege any wrongdoing or liability against the defendant, it is denied.

## CLASS ALLEGATIONS

44. Paragraph 42 sets forth conclusions of law, to which no response is required. Further answering, the defendant denies that this claim may be made on behalf of a class or that a certifiable class exists.

45. Paragraph 43 sets forth conclusions of law, to which no response is required. Further answering, the defendant denies that this claim may be made on behalf of a class or that a certifiable class exists.

46. The defendant denies the allegations set forth in paragraph 46.

47. The defendant denies the allegations set forth in paragraph 47.

48. The defendant denies the allegations set forth in paragraph 48.  Further answering, the defendant specifically denies that this claim may be made on behalf of a class or that a certifiable class exists.

49. The defendant denies the allegations set forth in paragraph 49.

50. The defendant denies the allegations set forth in paragraph 50.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's claim fails to state a claim on which relief can be granted.

### Second Affirmative Defense

The defendant is not a "debt collector" as defined under the FDCPA.

### Third Affirmative Defense

The defendant does not regularly use the mails and telephone system to collect consumer debts.

### Fourth Affirmative Defense

Neither the collection of debts nor the enforcement of security interests are principal purposes of the defendant's business.

### Fifth Affirmative Defense

The conduct alleged in the Second Amended Complaint does not constitute "debt collection."

### Sixth Affirmative Defense

Exhibit A to the Second Amended Complaint does not set forth false or misleading information or representations.

### Seventh Affirmative Defense

To the extent the defendant's conduct violated the FDCPA, which is expressly denied, it was the result of a bona fide error.

## JURY DEMAND

The defendant demands a jury trial on claims which are so triable.

.

Respectfully submitted,
Defendant,
Baker, Braverman & Barbadoro, P.C.,
By its Attorneys,

/s/ Kara Thorvaldsen
Kara Thorvaldsen #7241
Wilson Elser LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300
Kara.Thorvaldsen@wilsonelser.com

## CERTIFICATE OF SERVICE

I, Kara Thorvaldsen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on this date as follows:

Cathleen M. Combs    ccombs@edcombs.com, cceko@edcombs.com, courtecl@edcombs.com

Christopher M. Lefebvre    court@lefebvrelaw.com, efarbstein@edcombs.com

I am not aware of any parties who are not registered participants.

/s/ Kara Thorvaldsen